UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DONTONIO KING, | Case No. 2:24-cv-00583-CL |
| Plaintiff, | **ORDER** |
| v. | |
| SGT. ALLY; OFC. J. VERITY; OFC. BOURDAIN; OFC. BERGAM, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

This matter is before the Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Clarke issued a Findings and Recommendation ("F&R") on September 29, 2025, in which he recommends that this Court dismiss this case with prejudice. F&R, ECF No. 36. When a party objects to a magistrate judge's Findings and Recommendations, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district court has no obligation to review the portions of the magistrate judge's report to which no party has objected. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). However, the district court is not precluded from *sua sponte* review of other portions of the Findings and Recommendation, *Thomas v. Arn*, 474 U.S. 140, 149 (1985), and the Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that the Court should review such portions

Page 1 — ORDER

for "clear error on the face of the record." Fed. R. Civ. P. 72(b) Advisory Committee Note to 1983 Amendments.

Here, Judge Clarke recommended that the Court grant summary judgment to Defendants because Plaintiff failed to exhaust his administrative remedies. Judge Clarke noted that Plaintiff's August 3, 2022 grievance "was outside of the required timeframe, and therefore . . . denied." F&R 7. Judge Clarke also found that Plaintiff "failed to successfully navigate the process because he did not file an appeal of his denied grievance." F&R 8.

Plaintiff filed timely objections to Judge Clarke's F&R. Objections to F&R, ECF No. 42. Plaintiff objects on the grounds that OAR 291-109-0230(1)(g) provides that "[a] denied initial grievance or appeal cannot be appealed" and thus he could not appeal the denial of his August 3, 2022 grievance.

As Judge Clarke noted, exhaustion under the Prison Litigation Reform Act requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." F&R 5 (quoting *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009)). Further, "[g]rievances must be received by the institution grievance coordinator within 14 calendar days from the date of the incident . . . unless the adult in custody can satisfactorily demonstrate why the grievance could not be timely filed." OAR § 291-109-0205(1).

The Court agrees with Judge Clarke's finding that Plaintiff's August 3, 2022 grievance was untimely. Plaintiff failed to show why the grievance could not be timely filed at any stage of these proceedings, including the administrative process, the litigation before Judge Clarke, and now on review in this Court. Accordingly, Plaintiff's failure to file a timely grievance or

demonstrate why he could not do so meant that he failed to procedurally comply with the administrative process and thus failed to exhaust his administrative remedies before filing suit.

This Court need not disturb Judge Clarke's ultimate finding and recommendation that Plaintiff failed to exhaust his administrative remedies. Accordingly, Defendants' Motion for Summary Judgment is GRANTED on these grounds.

## CONCLUSION

The Court ADOPTS Magistrate Judge Clarke's Findings and Recommendation, ECF No. 36. Defendants' Motion for Summary Judgment, ECF No. 21, is therefore GRANTED. All other motions are denied as moot.

IT IS SO ORDERED.

DATED this 22nd day of January 2026.

                                                          s/ Mustafa T. Kasubhai
                                                          MUSTAFA T. KASUBHAI (he/him)
                                                          United States District Judge